1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FERNANDO ARANDA,

11             Plaintiff,                    No. CIV S-10-3051 EFB P

12        vs.

13   R. SCICLUNA, et al.,
                                            ORDER AND
14             Defendants.                   FINDINGS AND RECOMMENDATIONS
                                    /
15

16        Plaintiff is a state prisoner proceeding without counsel.  Plaintiff commenced this action

17   on August 13, 2010, in the Sacramento County Superior Court.  On November 12, 2010,

18   defendants Miner, Scicluna, and Vandusseldorp removed this action to federal court and

19   requested that the court screen plaintiff's complaint pursuant to 28 U.S.C. § 1915A and grant

20   them thirty days from the date of the court's screening order to file a response to the complaint.[1]

21        Federal courts must engage in a preliminary screening of cases in which prisoners seek

22   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

23   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

24   —————————————

25        [1] Plaintiff has objected to removal of this action from state court.  Dckt. No. 5. Because
     the complaint alleges that plaintiff's federal constitutional rights were violated, this action was
     properly removed under 28 U.S.C. §§ 1331 and 1441.  *See* Dckt. No. 2, Ex. A ("Compl.") at
26   15:22-23, 16:1-2. 20:1-2, 25:23-24, 26:7-14.

1

1   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

2   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

3   relief." *Id.* § 1915A(b).

4          A district court must construe a pro se pleading "liberally" to determine if it states a

5   claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

6   opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While

7   detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of

8   action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct.

9   1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff

10  must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is

11  plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

12         A claim has facial plausibility when the plaintiff pleads factual content that allows
        the court to draw the reasonable inference that the defendant is liable for the
13      misconduct alleged. The plausibility standard is not akin to a "probability
        requirement," but it asks for more than a sheer possibility that a defendant has
14      acted unlawfully. Where a complaint pleads facts that are merely consistent with a
        defendant's liability, it stops short of the line between possibility and plausibility
15      of entitlement to relief.

16  *Id.* (citations and quotation marks omitted).  Although legal conclusions can provide the

17  framework of a complaint, they must be supported by factual allegations, and are not entitled to

18  the assumption of truth.  *Id.* at 1950.

19         The complaint names R. Scicluna, M. Vandusseldporp, Larusso, Elizabeth Meyers, and

20  E. Miner as defendants.  While it is difficult to make sense of the complaint, it appears to allege

21  that Meyers, along with the other defendants, have conspired to use "electronic speakers and

22  video cameras to incessantly bombard plaintiff's mind with abusive words," such as "rapist,"

23  "child molester," and "pedophile."  Compl. at 6, 17.[2]  Plaintiff claims this has resulted in "prison

24  inmates collaborating with prison officials" to threaten to murder plaintiff and poison his coffee.

25

26         [2] This and subsequent page number citations to the complaint are to the page number
    reflected on the court's CM/ECF system and not to page numbers assigned by plaintiff.

1   *Id.* at 7, 12-13, 18.  Plaintiff claims that defendants are trying "to produce physical effects upon

2   plaintiff's human body to fraudulently promote allegations of crimes against plaintiff, via state

3   trade secrets."  *Id.* at 18.  As explained below, and as plaintiff has previously been informed,

4   these allegations are insufficient to state cognizable claims of conspiracy or Fourth Amendment

5   violations.  The court will therefore recommend that these claims be dismissed without leave to

6   amend.

7          In his complaint, and in his objections to removal, plaintiff references an earlier civil

8   action that he filed in this district.  *Id.* at 31 (referencing Case No. Civ. S-07-2211 FCD DAD);

9   Dckt. No. 5.  The court has reviewed the docket in the earlier action, and finds that the

10  allegations in the instant complaint are largely duplicative of the allegations in the earlier action.[3]

11  The earlier action was dismissed for failure to state a claim.  *Aranda v. Meyers*, No. Civ. 2:07-

12  2211 FCD DAD ("*Aranda*"), Dckt. Nos. 5, 11 (dismissing action after § 1915A(a) screening for

13  failure to state a cognizable federal claim and without prejudice to refiling state law claims in

14  state court).  In screening the complaint filed in the earlier action, the court found:

15         Plaintiff is incarcerated at Mule Creek State Prison. In his complaint he alleges
           that defendant Detective Elizabeth Meyers of the Los Angeles Sheriff's
16         Department and Doe defendants employed by the California Department of
           Corrections and Rehabilitation have conspired to "target" plaintiff and have
17         "engaged in observing and monitoring plaintiff via computer/security system that
           includes electronic transmitters, speakers and video cameras installed throughout
18         prison structure, collaborating with prison inmates and correctional officers."
           (Compl. at 5.) Plaintiff raised this same claim in a complaint filed on April 30,
19         2007 in *Aranda v. Meyers, et al.*, CIV S-07-0805 MCE DAD P. That action was
           dismissed January 11, 2008 because plaintiff failed to state a cognizable
20         conspiracy claim.

21         Plaintiff has previously been informed that in order to establish the existence of a
           conspiracy, he must allege facts demonstrating that there was an agreement
22         between defendants to violate his constitutional rights. *See Woodrum v.
           Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989); *Fonda v. Gray*, 707
23         F.2d 435, 438 (9th Cir. 1983). To state a cognizable conspiracy claim the
           complaint must also allege facts demonstrating that each participant in the alleged
24         conspiracy shared the general conspiratorial objective. *See Fonda*, 707 F.2d at

25

26         [3] A court may take judicial notice of court records.  *See MGIC Indem. Co. v. Weisman*,
       803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

1    438; *see also Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998). Plaintiff has
     not cured the deficiencies in his complaint in this action. As in his prior civil
2    rights action, plaintiff has failed to provide sufficient factual allegations
     demonstrating the existence of an agreement among the named defendants and
3    that he has suffered an actual deprivation of his constitutional rights as a result of
     the alleged conspiracy. *Woodrum*, 866 F.2d at 1126. Therefore, plaintiff's
4    conspiracy claim concerning defendant Meyers should be dismissed.

5    Plaintiff also claims that defendants correctional officers Vandusseldorp, Casey,
     Scioluna, Larusso, and Miner have conspired to engage other prison inmates in
6    the "monitoring and observing [of] plaintiff by promoting, facilitating,
     commanding, requesting, encouraging, provoking and/or aided and abetted such
7    others to commit crime(s)." (Compl. at 5-6.) Although these allegations are
     disjointed and, at times, difficult to comprehend, it appears that plaintiff believes
8    that as a result of a conspiracy, inmates have been used to threaten plaintiff, to
     poison his coffee, and to falsely accuse him of being a child molester. (*Id.* at 6-
9    13.) As in his other civil rights action filed in this court and referred to above, the
     court finds that plaintiff is "postulating events and circumstances of a wholly
10   fanciful kind." *Franklin*, 745 F.2d at 1228. In addition, plaintiff has not provided
     factual allegations demonstrating the existence of an agreement among the named
11   defendants, or that those defendants encouraged or used other inmates to violate
     plaintiff's constitutional rights. Lastly, the objective of the conspiracy, which
12   plaintiff contends was to monitor and observe him, fails to state an unlawful
     objective which violates plaintiff's constitutional rights.

13
     The court notes that in his complaint plaintiff has referred to the "doctrine of
14   pendent jurisdiction" without further explanation regarding any claims based on
     state law that he is attempting to pursue. (Compl. at 17.) To the extent that
15   plaintiff may be seeking relief based on state law, the district court may decline to
     exercise supplemental jurisdiction over a claim "if the district court has dismissed
16   all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). *See
     also Binder v. Gillespie*, 184 F.3d 1059, 1066 (9th Cir. 1999), *cert. denied*, 528
17   U.S. 1154 (2000) (citing *Fang v. United States*, 140 F.3d 1238, 1241 (9th Cir.
     1998) and *Voight v. Savell*, 70 F.3d 1552, 1565 (9th Cir. 1995)). If these findings
18   and recommendations are adopted, the federal claims over which this court has
     original jurisdiction will be dismissed and thus the balance of relevant factors
19   points toward declining to exercise jurisdiction over any remaining state law
     claims. *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir.
20   1994); *Imagineering, Inc. v. Kiewit Pac. Co.*, 976 F.2d 1303, 1309 (9th Cir.
     1992). Therefore, the undersigned will also recommend that plaintiff's state law
21   claim be dismissed without prejudice to its refiling in state court.

22   *Aranda*, Dckt. No. 5 (footnote omitted).  After the court dismissed his action and judgment was

23   entered, plaintiff appealed to the United States Court of Appeals for the Ninth Circuit. *Id.*, Dckt.

24   No. 13.  In a memorandum decision, the Ninth Circuit affirmed the district court, finding:

25   The district court properly dismissed the surveillance claim because Aranda's
     allegations regarding the prison's use of electronic surveillance do not state a
26   Fourth Amendment claim. *See Hudson v. Palmer*, 468 U.S. 517, 527-28 (1984)

1    ("A right of privacy in traditional Fourth Amendment terms is fundamentally
     incompatible with the close and continual surveillance of inmates and their cells
2    required to ensure institutional security and internal order.").

3    The district court properly dismissed the conspiracy claim because Aranda's
     allegations do not indicate that the defendant correctional officers conspired to
4    poison Aranda's coffee, threaten him, or falsely accuse him of being a child
     molester. *See Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004)
5    ("[T]he court [is not] required to accept as true allegations that are merely
     conclusory, unwarranted deductions of fact, or unreasonable inferences.")
6    (internal quotation marks and citation omitted).

7    The district court did not abuse its discretion by declining to exercise
     supplemental jurisdiction over any state-law claims after properly dismissing the
8    federal claims. *See Bryant v. Adventist Health Sys./West*, 289 F.3d 1162, 1169
     (9th Cir. 2002).

9

10   *Id.*, Dckt. No. 17.

11       In this new action, plaintiff fails to cure the same deficiencies.  His instant complaint

12   repeats the same flaws that have previously been identified for him by both this court and the

13   Ninth Circuit Court of Appeals.  The court finds that plaintiff's complaint fails to state any valid

14   claims arising under federal law.  After several attempts, plaintiff appears to be unable to correct

15   the deficiencies in his allegations.  The court therefore recommends that plaintiff's claims

16   purportedly arising under federal law be dismissed without leave to amend.  *See Lopez v. Smith*,

17   203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an

18   opportunity to amend to correct any deficiency in their complaints unless it determines that the

19   pleading could not possibly be cured by the allegation of other facts).

20       To the extent any state law claims remain, it is within the court's discretion to exercise

21   supplemental jurisdiction over them.  *Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 129 S. Ct. 1862,

22   1866-67 (2009); *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F3d 931, 936 (9th Cir.

23   2003); 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental

24   jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims

25   over which it has original jurisdiction . . . .)."  "[I]n the usual case in which all federal-law claims

26   are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction

5

1  doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to

2  exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484

3  U.S. 343, 351 (1988).  Indeed, "[n]eedless decisions of state law should be avoided both as a

4  matter of comity and to promote justice between the parties, by procuring for them a surer-footed

5  reading of the applicable law." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726

6  (1966).  Here, because purported federal claims will be eliminated at the pleadings phase, and

7  any remaining claims are state law claims, it is in the interests of judicial economy, convenience,

8  fairness, and comity to remand any remaining claims.  *See* 28 U.S.C. § 1447(c).

9        Accordingly, IT IS HEREBY ORDERED that the Clerk shall randomly assign a United

10  States District Judge to this case.

11        Further, IT IS HEREBY RECOMMENDED that:

12        1.  All claims purportedly arising under federal law be dismissed without leave to amend.

13  *See* 28 U.S.C. § 1915A;

14        2.  Any remaining claims arising under state law be remanded to the Sacramento County

15  Superior Court.

16        3.  The Clerk be directed to close this case.

17        These findings and recommendations are submitted to the United States District Judge

18  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

19  after being served with these findings and recommendations, any party may file written

20  objections with the court and serve a copy on all parties. Such a document should be captioned

21  "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

22  within the specified time may waive the right to appeal the District Court's order. *Turner v.*

23  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

24  Dated:  March 24, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

25

26